IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

Charlena Jamison Parks,        )     C/A No. 6:20-cv-03745-DCC-KFM
                              )
               Plaintiff,   )
                              )
v.                            )     **OPINION AND ORDER**
                              )
RL Enterprise & Associates, LLC;   )
Kimura, Inc.; Al Bell,          )
                              )
              Defendants.  )
_____ )

     This matter comes before the Court on Defendant RL Enterprise & Associates, LCC's ("RL Enterprise") Motion for Judgment on the Pleadings and Defendant Kimura, Inc.'s ("Kimura") Motion for Judgment on the Pleadings. ECF Nos. 30, 31. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial handling and a Report and Recommendation ("Report"). On February 23, 2021, the Magistrate Judge issued a Report recommending that the Motion be granted on behalf of RL Enterprise and that the Motion be granted in part and denied in part with respect to Kimura. ECF No. 36. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. Plaintiff filed Objections, and Defendant Kimura filed a Reply. ECF Nos. 39, 43. Defendant Kimura also filed Objections. ECF No. 40.

## BACKGROUND

This action was filed in state court on September 14, 2020, and removed on October 26, 2020.  ECF Nos. 1, 1-1.  Plaintiff asserts claims of discrimination in violation of Title VII of the Civil Rights Act of 1967 ("Title VII"), retaliation in violation of Title VII, discrimination in violation of the South Carolina Human Affairs Law, retaliation in violation of the South Carolina Human Affairs Law, assault, outrage, and negligent infliction of emotional distress.  ECF No. 1-1.

Neither party has objected to the Magistrate Judge's thorough recitation of the facts and procedural history of this case except as specifically noted below, and it is incorporated herein by reference.  *See* ECF No. 36 at 1–2.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court.  *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part.  28 U.S.C. § 636(b)(1).  The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2015) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (citation omitted)).

## DISCUSSION

### I.    *RL Enterprise*

Plaintiff indicated in her response that, after reviewing the law and applicable precedent, she did not oppose Defendant RL Enterprise's Motion for Judgment on the Pleadings regarding all of Plaintiff's claims against it.  ECF No. 32.  The Magistrate Judge therefore recommended that the Court grant the Motion and dismiss Defendant RL Enterprise from this action.  In the absence of objection, the Court adopts the Magistrate Judge's recommendation and dismisses all claims against Defendant RL Enterprise.

### II.    *Kimura*

#### *Discrimination*

The Magistrate Judge recommends that judgment on the pleadings be denied as to Plaintiff's discrimination claim against Defendant Kimura because Plaintiff alleges sufficient facts to state a claim.  For the reasons that follow, the Court overrules Defendant Kimura's Objections and adopts the Report.

First, Plaintiff has alleged sufficient facts to demonstrate that Kimura was her joint employer.  Plaintiff was assigned to work at Kimura by RL Enterprise, a recruiting and staffing company.  Defendant Kimura may be considered a joint employer with RL Enterprise if "both entities exercise significant control over the same employees."  *Butler v. Drive Auto. Indus. of Am., Inc.*, 793 F.3d 404, 408 (4th Cir. 2015).  Defendant Kimura argues that *Butler* "does not stand for the proposition that all entities who source employees from staffing agencies are automatically joint employers of these temporary employees for the purpose of Title VII Liability."  ECF No. 40 at 3-4.  This is, almost certainly, an accurate statement of the law.  However, upon consideration of the *Butler*

3

factors, the Court finds Plaintiff has alleged sufficient facts from which to find that Defendant Kimura was her joint employer. *See Butler*, 793 F.3d at 414 (articulating nine factors for courts to consider); *Turner v. Thomas*, 930 F.3d 640, 644 (4th Cir. 2019) (citation omitted) (on a Rule 12(b)(6) motion, the court "accept[s] all well-pleaded facts as true and draw[s] all reasonable inferences in favor of the plaintiff").[1]

In particular, the three "most important" factors weigh in Plaintiff's favor. *Butler*, 793 at 414–15. It is reasonably inferred, from the allegations of the Complaint, that (1) Defendant Kimura had authority to hire and fire Plaintiff, (2) Defendant Kimura controlled Plaintiff's day-to-day supervision, and (3) Defendant Kimura furnished the place of work. *See id.*; ECF No. 1-1 at ¶¶ 16–17 (alleging Plaintiff was "walked out" of the Kimura facility by Defendant Bell on July 2, 2019; was "told that defendant RL Enterprise would contact her"; and was subsequently notified by Defendant RL Enterprises of her termination effective July 2, 2019). Unlike the plaintiff in *Greene v. Harris Corp.*, which Defendant Kimura cites in support of its Objections, Plaintiff has sufficiently demonstrated that Defendant Kimura had the authority to "terminate staffing agency employees who were performing the work of the client, as it could its own direct employees," when she alleged that Defendant Bell, an employee of Defendant Kimura's Human Resources department, escorted her from the premises and she was terminated thereafter. 653 F. App'x 160, 164 (4th Cir. 2016). In addition, with respect to the eighth *Butler* factor, it appears from

---

[1] "[A] motion for judgment on the pleadings is decided under the same standard as a motion to dismiss under Rule 12(b)(6)." *Deutsche Bank Nat'l Trust Co. v. IRS*, 361 F. App'x. 527, 529 (4th Cir. 2010) (citing *Independence News, Inc. v. City of Charlotte*, 568 F.3d 148, 154 (4th Cir. 2009)).

the face of the Complaint that Plaintiff was assigned solely to Defendant Kimura. *See* ECF No. 1-1 at ¶ 11. In short, Plaintiff has pled sufficient facts from which it may reasonably be inferred that Kimura was her joint employer, which is all that is required at this stage of litigation.

Second, Plaintiff alleged sufficient facts to establish a claim for quid pro quo harassment. Defendant Kimura argues that Plaintiff's claim fails because Defendant Bell was not Plaintiff's supervisor. ECF No. 40 at 5. However, upon de novo review, the Court agrees with the Magistrate Judge's finding that the Complaint adequately alleged Defendant Bell's supervisory authority to take tangible employment action against Plaintiff. *See Vance v. Ball State Univ.*, 570 U.S. 421, 424 (2013). Plaintiff alleges that Defendant Bell was a human resources manager at Kimura; that Bell implicitly threatened to retaliate against her if she refused his sexual advances; that Bell walked her out of the Kimura facility and told her that RL Enterprise would be in contact with her, shortly before RL Enterprise terminated her employment; and that she was terminated in retaliation for her rejection of Bell's sexual advances. ECF No. 1-1 at ¶¶ 12, 15, 16, 17. Thus, this Court agrees with the Magistrate Judge that Plaintiff "has sufficiently alleged a nexus between her rejection of the unwelcome sexual advances and her termination from employment." ECF No. 36 at 7.

Finally, Plaintiff alleged sufficient facts to establish a claim for hostile work environment. Similar to the above claim, Defendant Kimura argues Plaintiff has not established that Defendant Bell was Plaintiff's supervisor. For the same reasons set forth in the previous paragraph, this Court disagrees. Plaintiff has adequately alleged that

Defendant Bell was her supervisor within the meaning of Title VII, and Defendant Kimura's objection is overruled.

*Retaliation*

The Magistrate Judge recommends that judgment on the pleadings be granted as to Plaintiff's retaliation claim because Plaintiff abandoned her claim by failing to respond to Defendant Kimura's arguments.  Plaintiff contends that she did not abandon the issue of retaliation because she "addressed the issue of retaliation within her argument regarding the discrimination claims."  ECF No. 39 at 1.

Although the Court does not agree that Plaintiff addressed the retaliation issue in her response, Plaintiff's failure to respond does not relieve the Court from its responsibility to consider Defendant Kimura's Motion on the merits.  *Stevenson v. City of Seat Pleasant, Md.*, 743 F.3d 411, 416 n.3 (4th Cir. 2014) ("When deciding a 12(b)(6) motion, the mere fact that a motion to dismiss is unopposed does not relieve the district court of the obligation to examine the complaint itself to see whether it is formally sufficient to state a claim.  This obligation means that a court may not automatically treat a failure to respond to a 12(b)(6) motion as a procedural default.") (quoting *Pomerleau v. W. Springfield Pub. Sch.*, 362 F.3d 143, 145 (1st Cir. 2004)).  The Court turns accordingly to the sufficiency of Plaintiff's allegations with respect to retaliation.

To establish a claim of retaliation in violation of Title VII, the plaintiff must make a prima facie showing that: (1) she engaged in protected activity, (2) her employer took adverse action against her, and (3) a causal relationship existed between the protected activity and the adverse employment action.  *Foster v. Univ. of Maryland-Eastern Shore*,

787 F.3d 243, 251 (4th Cir. 2015) (citation omitted).  Defendant Kimura argues that Plaintiff's retaliation claim fails because (1) she pleads no facts to support that she engaged in a protected activity, and (2) she does not allege that Defendant Kimura was aware of Defendant Bell's alleged actions.  ECF No. 31 at 9-10.

On the first issue, Plaintiff does not allege that she participated in an investigation or made a formal complaint concerning Defendant Bell's conduct prior to her termination. However, Plaintiff contends that her rejection of Defendant Bell's advances constituted a protected activity.  ECF No. 1-1 at ¶¶ 19, 30.  Among other circuit courts, "[t]he question of whether merely declining a supervisor's romantic advances constitutes a protected activity is unsettled," and the Fourth Circuit has yet to address the issue.  *Coates v. Suthars, Inc.*, 507 F. Supp. 3d 678, 693 n.10 (W.D. Va. 2020) (citing *Ogden v. Wax Works, Inc.*, 214 F.3d 999, 1007 (8th Cir. 2000); *EEOC v. New Breed Logistics*, 783 F.3d 1057, 1067 (6th Cir. 2017); *LeMaire v. Louisiana*, 480 F.3d 383, 389 (5th Cir. 2007)).  Within this circuit, however, a number of district courts have found that rejection of a supervisor's sexual advances constitutes protected activity under Title VII.  *See Coates*, 507 F. Supp. at 693 n.10 (finding that "asking [the employer] to stop" his sexually harassing conduct constituted protected activity); *Fleming v. South Carolina Dept. of Corrections*, C/A No. 6:95-cv-3248-20AK, 952 F. Supp. 283, 288 (D.S.C. 1996) ("This court finds that an employer cannot retaliate against an employee for engaging in protected cavity, which includes an employee's refusal of the sexual advances of a supervisor or employer."); *Gauny v. Potter*, C/A No. 4:06-cv-504-TLW-TER, 2008 WL 4413193, at *12 (D.S.C. Sept. 23, 2008) (finding the plaintiff's rejections to her supervisor's advances qualified as

protected activity).  The undersigned is persuaded by these courts' reasoning and agrees that rejecting an employer's unwanted sexual advances is "the most basic form of protected activity."  *Ogden*, 214 F.3d at 1007 (citing *Quarles v. McDuffie Cty.*, 949 F. Supp. 846, 853 (S.D. Ga. 1996)).  Title VII prohibits retaliation by an employer because an employee "has opposed any practice made an unlawful employment practice by this subchapter."  42 U.S.C. § 2000e–3(a).  The conduct alleged by Plaintiff—rejecting Defendant Bell's sexual advances—certainly constitutes "opposition" of those advances and fits within the plain meaning of the statute.

Defendant Kimura argues in its reply to Plaintiff's Objections that Plaintiff does not "allege in the Complaint that she expressly rejected Defendant Bell's conduct."  ECF No. 43 at 3.  Plaintiff alleges that Defendant Bell sent her unwanted and sexually explicit texts and photographs and that "she was terminated in retaliation for her rejection of the sexual advances of Bell."  ECF No. 1-1 at ¶¶ 11–15, 19, 30.  Although the allegations could be more specific with respect to the manner of Plaintiff's rejection, the Court finds them sufficient when viewed in the requisite favorable light.

Finally, Defendant Kimura argues that Plaintiff did not allege Kimura was aware of the protected activity and, therefore, cannot establish the necessary element of causation.  ECF No. 31 at 9–10.  For the reasons explained above with reference to Plaintiff's discrimination claim, the undersigned disagrees.  The Complaint's allegations are sufficient to find, at this stage, that Defendant Bell was acting as Plaintiff's supervisor.  His awareness—along with his retaliatory action—may therefore be imputed to Defendant Kimura.  *See Burlington Indus. V. Ellerth*, 524 U.S. 742, 762–63 (1998) ("Whatever the

exact contours of the aided in agency relation standard, its requirements will always be met when a supervisor takes a tangible employment action against a subordinate.").

Accordingly, the Court declines to adopt the Magistrate Judge's recommendation as to Plaintiff's Title VII retaliation claim against Defendant Kimura, and Plaintiff's Objections are sustained.

<u>**CONCLUSION**</u>

For the reasons set forth above, the Court **SUSTAINS** Plaintiff's Objections [39], **OVERRULES** Defendant Kimura's Objections [40], and **ADOPTS IN PART** the Report [38] as specifically set forth above.

Defendant RL Enterprise's Motion for Judgment on the Pleadings [30] is **GRANTED**, and all claims against Defendant RL Enterprise are **DISMISSED WITHOUT PREJUDICE**.

Defendant Kimura's Motion for Judgment on the Pleadings [31] is **DENIED**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

August 13, 2021
Spartanburg, South Carolina